**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-31034
Summary Calendar
_____

G & M MARINE, INC., ET AL.,

Plaintiffs,

VERSUS

POOL COMPANY (TEXAS), INC.,

Defendant.

_____

MURPHY EXPLORATION & PRODUCTION COMPANY

Plaintiff-Appellant,

VERSUS

LAZER, INC. and ANGLO AMERICAN INSURANCE COMPANY

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-251-D)
_____

May 21, 1997

Before REYNALDO G. GARZA, DAVIS, and DUHE', Circuit Judges.

PER CURIAM:[*]

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

Before the Court is an appeal from a decision of the district court on cross-motions for summary judgment in which the court granted judgment in favor of Lazer, Inc. ("Lazer") and Anglo American Insurance Company ("Anglo"), the defendants-appellees, against Murphy Exploration and Products Company ("Murphy"), the plaintiff-appellant.

Briefly, Murphy is the owner and operator of various wells in the Gulf of Mexico. In order to repair a well which had been damaged by Hurricane Andrew in 1993, Murphy hired two separate contractors, Lazer and Pool Company (Texas), Inc. ("Pool"). Pool supplied a jack-up rig to serve as a work platform, while Lazer supplied the personnel and specialized equipment needed for the repairs. Roger Bartley, an employee of Lazer, was injured during the operation by the negligent actions of a Pool employee.

Bartley subsequently entered into a written Receipt, Release, and Indemnity Agreement with Lazer and its marine liability insurers wherein he was paid $50,000.00 for a potential personal injury claim. In return he assigned his rights to Lazer, G&M Marine, Inc. and North American Specialty Insurance Company. These parties then sued Pool for tort indemnity alleging that Bartley's accident was caused by Pool's negligence.

Murphy undertook the defense of Pool pursuant to an indemnity provision in a "Workover Contract" between the two parties requiring Murphy to defend and indemnify Pool from personal injury claims brought by Murphy's employees or by employees of Murphy's

2

other contractors.  In accordance with its obligations, Murphy, on behalf of Pool reached a settlement agreement with the plaintiffs. However, Murphy subsequently sued Lazer and Anglo alleging that the "Master Service Contract" between Murphy and Lazer required Lazer to indemnify Murphy for its contractual obligations to Pool pursuant to certain insuring requirements and indemnity provisions that were not executed by Lazer nor Anglo.

Motions for summary judgment were filed by both parties in this latter action.  The district court ruled on these cross-motions, entering judgment in favor of Lazer and Anglo American, and against Murphy, dismissing Murphy's claims.

In essence, nowhere in this "Master Service Contract" between Murphy and Lazer is it written nor can it be interpreted that Lazer is to indemnify Murphy for Murphy's contractual liability to third parties.

Thus, in light of the foregoing as well as the Minute Entry of the district court (attached as Appendix A), the judgment of the district court is in all respects

AFFIRMED.